JOHN W. GILLIES AND BREWSTER J. ALLISON, APPELLANTS, v. AUGUSTA KREUDER, RESPONDENT, IMPLEADED WITH OTHERS.

*Evidence* — *a judgment creditor does not claim or hold an interest under the debtor within the meaning of section 829 of the Code of Civil Procedure.*

Upon the trial of an action, brought by judgment creditors of a deceased debtor to set aside conveyances made by him to his wife as fraudulent as against his creditors, the wife, the defendant, was allowed to testify as to personal transactions between herself and her deceased husband.

*Held*, no error; that the plaintiffs did not hold or claim under the husband in such a sense as to bring them within the provisions of section 829 of the Code of Civil Procedure.

APPEAL from a judgment in favor of the defendants, entered upon the report of a referee.

*Geo. W. Weiant*, for the appellants.

*Seth B. Cole*, for the respondent.

DYKMAN, J.:

This is an action by judgment creditors of Charles Kreuder, now deceased, to set aside conveyances from him to his wife as fraudulent against creditors. The cause was tried before a referee and decided in favor of the defendant, and he has found that the conveyances were all made by the husband to his wife in good faith and in the discharge of obligations he was under to her.

That they were not made in fraud of creditors, and are not fraudulent but valid conveyances. There is testimony to sustain the finding, and the case is well decided on the facts. The objections to the testimony of the wife, respecting personal transactions with her deceased husband, were properly overruled. The plaintiffs do not hold or claim under the husband. · *Moyer* v. *Moyer* (21 Hun, 67) is not an authority for the plaintiffs. In that case the defendant claimed to hold under the deed from the deceased, and evidence of personal transaction between them was inadmissible as the plaintiffs also claimed to hold under their father.

The judgment should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.